IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 mj 47

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DONALD L. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#7) filed on June 30, 2014 in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in Violation Notices issued on August 31, 2013

1

with driving while license suspended and operating a vehicle while having an open container of alcohol in the motor vehicle.  The Defendant did not appear in regard to these matters and on December 18, 2013, United States Magistrate Judge H. Bruce Guyton, issued an arrest warrant for the Defendant.  The Defendant was taken into custody in the Western District of North Carolina and was brought before the undersigned on June 11, 2014.  On that date, the undersigned entered an order releasing Defendant on a $25,000 unsecured bond.  The undersigned further set conditions of release which included the following:

    (8)(a)  Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that that agency determines to be appropriate; and

    (8)(z)  Defendant must present himself to the United States Magistrate Court in the Eastern District of Tennessee by June 19, 2014 or to the Probation Office in the Eastern District of Tennessee.  If Defendant fails to appear in the Eastern District of Tennessee, Defendant is to report back to the Court in the Western District of North Carolina in Asheville, North Carolina.

The Defendant did not report to the United States Magistrate Court in the Eastern District of Tennessee by June 19, 2014, nor did he report to the Probation Office in the Eastern District of Tennessee.  The Defendant further failed to report to the Office of Probation and Pretrial Services in the Western District of North

Carolina as he had been directed to do.

After it was discovered that Defendant had not presented himself to the United States Magistrate Court in the Eastern District of Tennessee, an arrest warrant was issued for the Defendant on June 30, 2014. Extensive efforts were undertaken by the United States Marshal's Office to try and locate the Defendant, who attempted to avoid arrest until the Defendant in August 2014, when he finally surrendered himself to the Court in the Eastern District of Tennessee.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds that it has been shown by clear and convincing evidence that Defendant violated the term and condition of his pretrial release that ordered him to report to the Office of Probation and Pretrial Services to the extent and in the manner that that agency determines to be appropriate and that Defendant failed to present himself to the United States Magistrate Court in the Eastern District of Tennessee by June 19, 2014 or to the Probation Office in the Eastern District of Tennessee.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is

**ORDERED** that Defendant be detained pending further proceedings in the Eastern District of Tennessee.

Signed: September 8, 2014

Dennis L. Howell
United States Magistrate Judge